COMMERCIAL HOUSE & WINDOW CLEANING Co., INC., Plaintiff, *v.* JOHN AWERKIN (the First Name " John " Being Fictitious, etc.), as President of the Window Cleaners' Protective Union, Local No. 8, a Voluntary Unincorporated Association, Composed of More than Seven Members, and Others, Defendants.

Supreme Court, New York County, March 25, 1930.

*Freudenberg & Mattuck* [*Henry Mayer* of counsel], for the plaintiff.

*William Karlin,* for the defendants.

LYDON, J. Plaintiff is engaged in the business of cleaning windows, walls, etc., in various stores and buildings in the city of New York, and at the time of the commencement of this action was under contract with over twenty-five firms and corporations to perform such labor. Plaintiff has been in the business of window cleaning for the past twenty-four years, and its method of dealing with its customers is as follows: Plaintiff secures from owners and agents of various buildings, stores and offices in the city of New York contracts for cleaning the windows of said buildings for a definite sum of money, and, almost without exception for a definite period of time. Plaintiff thereupon furnishes the labor and tools with which said services are performed, and claims that

it pays to such labor a weekly wage equal to that paid by the Window Cleaners' Protective Union, Local No. 8, the defendant union. Plaintiff claims that it has always maintained an open shop and has never discriminated against union labor or made any condition for the employment of labor. Plaintiff complains that in utter disregard of its rights and the mutual rights and obligations of the contracts between the plaintiff and its various customers, and with intent and purpose solely of preventing the plaintiff from doing any business with the said customers under the said contracts and of ruining the plaintiff in its business, the defendant, and all the members of the Window Cleaners' Protective Union, Local No. 8, have unlawfully and maliciously agreed together and combined and formed themselves into a conspiracy the purpose of which they are proceeding to carry out, namely, to cause the customers of the plaintiff to break their contracts with it, and to discontinue their employment of it until and unless the plaintiff shall submit to the demands of the defendants and of the Window Cleaners' Protective Union, Local No. 8. Plaintiff further claims that the defendants demand that plaintiff shall unionize its business and shall submit to such demands by employing only workers who shall be members of, and subject to, the orders of the Window Cleaners' Protective Union, Local No. 8. Plaintiff, in its complaint, further alleges that in pursuance of such conspiracy and unlawful combination and in furtherance of their purpose, defendants were wrongfully and unlawfully instigating and soliciting the customers of the plaintiff to break their contracts and to make contracts with union shops. The answer of the defendants is a general denial.

At the time of the commencement of this action plaintiff applied to this court for a preliminary injunction restraining the defendant from interfering with the plaintiff and its customers, but this court at Special Term denied the application for an injunction *pendente lite*. On appeal from such order denying the injunction the said order was reversed and an injunction granted by the Appellate Division (226 App. Div. 734) restraining the defendants, their agents, servants, attorneys and confederates, and all persons acting in aid or in conjunction with them, during the pendency of this action, from attempting in any manner to induce the plaintiff's customers to violate their contracts with the plaintiff and/or to discontinue the services of the plaintiff, and from picketing and aiding in the picketing of the premises managed, owned, operated or occupied by plaintiff's customers, or from carrying placards in the neighborhood of the places of business of the plaintiff's customers. On the trial the affidavits on which

the said injunction was granted were not before the court, because of the objection of defendants' attorney. The evidence, however, shows that the method by which the defendants sought to compel the plaintiff to become unionized was by placing in front of each of the places of business of the customers of the plaintiff one or two pickets, members of the defendant union, with placards or signs in large letters containing the words: " Window Cleaners Strikers Picket, Window Cleaners Protective Union, Local No. 8 of B. S. F. I. U. A. A. F. of L. Non-union members clean windows at Roxy Theatre." Such a sign was used by the pickets in front of the Roxy Theatre. A similar sign was used by the picket in front of the other buildings belonging to customers, only instead of the word " Roxy " the names of the other customers would appear, such as " Capitol Theatre," etc. The customers of the plaintiff complained of the presence of these pickets with these large signs containing the names of their places of business in large red letters which would indicate that there was a strike on at that place of. business, whereas in reality there was no strike. The presence of these pickets in a number of places, where plaintiff had contracts, resulted in these customers notifying plaintiff that unless these pickets were withdrawn immediately the contract of window cleaning would be canceled, and indeed some of them were canceled during the interval of the picketing and the obtaining of the temporary injunction.

The evidence on the trial established the fact that this effort on the part of the defendants to compel plaintiff to unionize its business had the sanction of the union and that during all the time the picketing was in progress, and before the commencement of this action, at several meetings of the union, the activities of these pickets, where they were stationed before the places of business of the customers of the plaintiff, and their progress were reported at said meetings of the union and were duly ratified and approved. The evidence also established the fact that there were numerous occasions when violence was brought to bear as an argument by members of the union under the guidance and instruction of an officer and a walking delegate; that as a result of such violence several arrests were caused, three of the union members were held for Special Sessions and found guilty in said court, resulting in a suspended sentence for two of them, and a fine for the third.

Aside from the acts of violence the real question at issue is, should the defendants be permitted to picket the premises owned and managed not by the plaintiff, but by its customers, and to picket in such a manner that on the. face of it the object and effect

of the whole proceeding is to give undesirable publicity, not to the plaintiff, but to its customers, with the hope that that would coerce these customers into breaking valuable contracts with the plaintiff. The defendants claim that they should have the right to continue this method of picketing, maintaining that the place of work and the necessity for the work are created by the buildings of the said customers, and that, therefore, these buildings should be considered as the place of business of the plaintiff because the work is carried on there. Furthermore, the defendants point to the decision of the Court of Appeals in *Exchange Bakery & Restaurant Co.* v. *Rifkin* (245 N. Y. 260, 263) in which the court held, among other things, that 'the unions " may call a strike and picket the premises of an employer with the intent of inducing him to employ only union labor. * * * Picketing without a strike is no more unlawful than a strike without picketing. Both are based upon a lawful purpose. Resulting injury is incidental and must be endured." But in this case at bar there is no strike or picketing in the plaintiff's place of business. The difficulty with the contention of the defendants herein is that they overlook the fact that these activities complained of constitute an illegal secondary boycott, and the courts of this State have consistently maintained that a secondary boycott will not be tolerated.

The evidence on the trial of this case, as heretofore stated, establishes the existence of an illegal boycott and knowledge thereof on the part of the union, and, therefore, I must find that the plaintiff has established the allegations of its complaint and is entitled to judgment granting a permanent injunction similar in terms to that granted by the Appellate Division herein. Submit findings on notice.